

**JUDGE KAPLAN**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x

ANTONIO CORONA, CECILIO MARTINEZ,
ADAN CORONA, and ALFREDO SANTOS,

                Plaintiffs,

-against-

ADRIATIC ITALIAN RESTAURANT &
PIZZERIA, INC., KOLA CAMAJ, MIKE CAMAJ,
JACK CAMAJ, and PETER CAMAJ,

                Defendants.

------------------------------------x

ECF Case
Docket Number 08 CV

**COMPLAINT**

<u>**JURY TRIAL DEMANDED**</u>

       Plaintiffs Antonio Corona, Cecilio Martinez, Adan Corona, and Alfredo Santos (collectively, "Plaintiffs"), by their attorneys Make the Road New York, Inc. and MFY Legal Services, Inc., allege as follows:

### NATURE OF THE ACTION

       1.     Plaintiffs bring this action against Defendants Adriatic Italian Restaurant & Pizzeria, Inc. ("Adriatic Restaurant"), Kola Camaj, Mike Camaj, Jack Camaj and Peter Camaj (collectively, "Defendants") to recover damages for Defendants' egregious violations of state and federal minimum wage and overtime laws during Plaintiffs' employment. During different periods beginning in 1991 through 2008, Plaintiffs each worked long days cleaning and delivering food orders for Adriatic Restaurant, a popular Manhattan restaurant and pizzeria owned and operated by Defendants.

       2.     Plaintiffs Antonio Corona and Cecilio Martinez both typically worked 12 and 13 hour days, six days a week. Defendants typically paid them only $20 to $30 per day, at times

resulting in an effective hourly wage as low as $1.53 per hour. Despite frequently requiring them to work nearly 80 hours per week, Defendants never paid either Antonio Corona or Cecilio Martinez any overtime compensation.

3. Plaintiffs Adan Corona and Alfredo Santos both typically worked approximately eight hours a day, six days a week. Defendants typically paid them only $10 per day, at times resulting in an effective hourly rate as low as $1.25 per hour, with no overtime compensation.

4. Plaintiffs, by their attorneys, seek to recover unpaid wages, liquidated damages, attorneys' fees, costs and interest for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); New York Labor Law, Article 6, § 190 et seq., and Article 19 § 650 et seq. and other related state law claims.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff Antonio Corona is an adult individual currently residing in New York City, in the county of Kings. He consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). His written consent is attached hereto and incorporated by reference.

8. Plaintiff Cecilio Martinez is an adult individual currently residing in New York City, in the county of Kings. He consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). His written consent is attached hereto and incorporated by reference.

9. Plaintiff Adan Corona is an adult individual currently residing in New York City, in the county of Kings. He consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). His written consent is attached hereto and incorporated by reference.

10. Plaintiff Alfredo Santos is an adult individual currently residing in New York City, in the county of Kings. He consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). His written consent is attached hereto and incorporated by reference.

11. At all relevant times, Plaintiffs were employees of Defendants within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and New York Labor Law §§ 2 and 651.

12. During Plaintiffs' employment by Defendants, Plaintiffs handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

13. Upon information and belief, Defendant Adriatic Restaurant is a domestic business corporation organized under the laws of New York, with a principal place of business located at 321 First Avenue, New York, New York 10003.

14. Upon information and belief, Defendant Adriatic Restaurant is at present, and has been at all times relevant to this action, an enterprise engaged in interstate commerce, with an annual gross volume of sales in excess of $500,000.

15. Upon information and belief, Defendant Kola Camaj is an adult individual residing in New York State.

16. Upon information and belief, Defendant Kola Camaj is at present, and has been at all times relevant to this action, an owner of and/or investor in Adriatic Restaurant.

17. At all times relevant to this action, Defendant Kola Camaj participated in the operation and management of Adriatic Restaurant.

18. Upon information and belief, Defendant Kola Camaj had at all times relevant to this action the power to hire and fire employees at Adriatic Restaurant, establish and pay their wages, set their work schedules, and maintain employment records.

19. At all times relevant to this action, Defendant Kola Camaj was Plaintiffs' employer within the meaning of the FLSA and New York Labor Law.

20. Upon information and belief, Defendant Jack Camaj is an adult individual residing in New York State.

21. Upon information and belief, Defendant Jack Camaj is at present, and has been at all times relevant to this action, an owner of and/or investor in Adriatic Restaurant.

22. At all times relevant to this action, Defendant Jack Camaj participated in the operation and management of Adriatic Restaurant.

23. Upon information and belief, Defendant Jack Camaj had at all times relevant to this action the power to hire and fire employees at Adriatic Restaurant, establish and pay their wages, set their work schedules, and maintain employment records.

24. At all times relevant to this action, Defendant Jack Camaj was Plaintiffs' employer within the meaning of the FLSA and New York Labor Law.

25. Upon information and belief, Defendant Mike Camaj is an adult individual residing in New York State.

26. Upon information and belief, Defendant Mike Camaj is at present, and has been at all times relevant to this action, an owner of and/or investor in Adriatic Restaurant.

27. Upon information and belief, Defendant Mike Camaj at all times relevant to this action had the power to hire and fire employees at Adriatic Restaurant, establish and pay their wages, set their work schedules, and maintain employment records.

28. At all times relevant to this action, Defendant Mike Camaj was Plaintiffs' employer within the meaning of the FLSA and New York Labor Law.

29. Upon information and belief, Defendant Peter Camaj is an adult individual residing in New York State.

30. Upon information and belief, Defendant Peter Camaj is at present, and has been at all times relevant to this action, an owner of and/or investor in Adriatic Restaurant.

31. At all times relevant to this action, Defendant Peter Camaj participated in the operation and management of Adriatic Restaurant.

32. Upon information and belief, Defendant Peter Camaj at all times relevant to this action had the power to hire and fire employees at Adriatic Restaurant, establish and pay their wages, set their work schedules, and maintain employment records.

33. At all times relevant to this action, Defendant Peter Camaj was Plaintiffs' employer within the meaning of the FLSA and New York Labor Law.

## STATEMENT OF FACTS

34. At all times relevant to this action, the primary business of Adriatic Restaurant was the sale of food for take-out, delivery or consumption on the premises.

35. Adriatic Restaurant provides a dining area with tables and chairs for customers to consume food on the premises

36. Adriatic Restaurant is a "restaurant" within the meaning of New York Labor Law.

37. During their employment, Plaintiffs' primary responsibilities included making food deliveries to customers, cleaning the dining room, bathrooms or pizza preparation area, and taking out the restaurant garbage.

38. Plaintiff Antonio Corona was employed by Defendants from approximately 1991 until approximately June 2008.

39. Throughout his employment, Plaintiff Antonio Corona worked approximately 12 to 13 hours per day, typically 6 days per week.

40. From approximately 1991 through approximately 1993, Defendants generally paid Antonio Corona $20.00 per day.

41. From approximately 1993 through May 2008, Defendants generally paid Antonio Corona $30.00 per day.

42. Plaintiff Cecilio Martinez was employed by Defendants from approximately September 2003 until approximately June 2008.

43. Throughout his employment, Plaintiff Cecilio Martinez typically worked 12 to 13 hours per day, 6 days per week. Defendants generally paid him $20.00 per day.

44. Plaintiff Adan Corona was employed by Defendants from approximately July 2004 until approximately December 2007.

45. Throughout his employment, Plaintiff Adan Corona typically worked 8 hours per day, 6 days per week. Defendants generally paid him $10 per day.

46. Plaintiff Alfredo Santos was employed by Defendants from approximately January 2007 until approximately December 2007.

47. Throughout his employment, Plaintiff Alfredo Santos typically worked 8 hours per day, 6 days per week. Defendants generally paid him $10 per day.

48. Defendants required Plaintiffs to pay the costs associated with the purchase and maintenance of equipment necessary to performing their work, including bicycles.

49. Defendants did not reimburse Plaintiffs for these costs. This failure to reimburse Plaintiffs constituted an illegal deduction from their wages.

50. Throughout Plaintiffs' employment, Defendants failed to pay Plaintiffs the minimum wage, as required by 29 U.S.C. § 206(a) and New York Labor Law § 652.

51. Throughout Plaintiffs' employment, Defendants failed to pay Plaintiffs overtime compensation for the hours that Plaintiffs worked in excess of forty hours each week, as required by 29 U.S.C. § 207, New York Labor Law § 650 et seq., and 12 N.Y.C.R.R. § 137-1.3.

52. Throughout Plaintiffs' employment, Defendants failed to pay Plaintiffs Cecilio Martinez and Antonio Corona an extra hour at the applicable New York State minimum wage for each day they worked more than ten hours, as required by New York Labor Law § 650 et seq.; 12 N.Y.C.R.R. § 137.11.

53. Upon information and belief, Defendants failed to post the required notice concerning state wage and hour laws for restaurants, as required by 12 N.Y.C.R.R. § 137-2.3.

54. Upon information and belief, Defendants failed to post the required notice concerning federal wage and hour laws, as required by 29 U.S.C. § 201 et seq., and 29 C.F.R. § 516.4.

55. Prior to consulting with their attorneys in approximately February of 2008, Plaintiffs Antonio Corona, Cecelio Martinez, and Adan Corona were unaware of their specific rights under federal and state law to receive minimum wage and overtime compensation for hours in excess of forty in a week.

56. Upon information and belief, all of the violations of federal and state law described above were knowing and willful.

### FIRST CAUSE OF ACTION
(Federal Minimum Wage Violations)

57. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

58. At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 203.

59. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. § 203.

60. At all times relevant to this action, Defendants willfully failed to pay Plaintiffs the applicable federal minimum wage for the hours they worked, in violation of 29 U.S.C. § 206(a).

61. As a result of Defendants' federal law violations, Plaintiffs are entitled to recover from Defendants amounts to be proven at trial for their unpaid minimum wages, an additional amount as liquidated damages, reasonable attorneys' fees, and the costs of the action, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
(Federal Overtime Violations)

62. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

63. At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 203.

64. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. § 203.

65. Defendants willfully failed to pay Plaintiffs overtime compensation for each hour worked in excess of forty hours in a workweek in violation of the FLSA, 29 U.S.C. § 207.

66. As a result of Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants amounts to be proven at trial for their unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

THIRD CAUSE OF ACTION
(New York State Minimum Wage Violations)

67. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

68. At all times relevant to this action, Plaintiff's were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

69. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

70. Defendants willfully failed to pay Plaintiffs the New York State minimum wage for the hours they worked, in violation of New York Labor Law § 652.

71. As a result of Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants amounts to be proven at trial for their unpaid minimum wages, an additional amount as liquidated damages, reasonable attorneys' fees, and the costs of the action, pursuant to New York Labor Law § 663(1).

FOURTH CAUSE OF ACTION
(New York State Overtime Violations)

72. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

73. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

74. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

75. Defendants willfully failed to pay Plaintiffs overtime compensation for each hour worked in excess of forty hours in a workweek as required under New York Labor Law § 650 et seq; 12 N.Y.C.R.R. § 137-1.3.

76. As a result of Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants amounts to be proven at trial for their unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, and the costs of the action, pursuant to New York Labor Law § 663(1).

### FIFTH CAUSE OF ACTION
(New York State Spread-of-Hours Pay)

77. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

78. Plaintiffs Antonio Corona and Cecilio Martinez routinely worked more than ten hours per day.

79. Defendants willfully failed to pay Plaintiffs Antonio Corona and Cecilio Martinez an extra hour of pay at the basic minimum wage rate for each day Plaintiffs worked more than ten hours per day ("spread-of-hours pay"), in violation of New York Labor Law § 650 et seq.; 12 N.Y.C.R.R. § 137.11.

80. As a result of Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants amounts to be proven at trial for their unpaid spread-of-hours pay, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Labor Law § 663(1).

### SIXTH CAUSE OF ACTION
(Illegal Wage Deductions)

81. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

82. Defendants deducted monies from Plaintiffs' weekly pay in violation of New York Labor Law § 193.

83. As a result of Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants amounts to be proven at trial for their unpaid wages, an additional amount as liquidated damages, reasonable attorneys' fees, and the costs of the action, pursuant to New York Labor Law §§ 198 and 663(1).

### SEVENTH CAUSE OF ACTION
(Quantum Meruit)

84. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

85. By their actions stated above, Defendants wrongfully failed to pay Plaintiffs the reasonable value of the services Plaintiffs performed for Defendants.

86. Plaintiffs are entitled to compensatory damages pursuant to New York Common Law.

### EIGHTH CAUSE OF ACTION
(Unjust Enrichment)

87. Plaintiffs reallege and reincorporate by reference all preceding paragraphs.

88. By their actions stated above, Defendants were unjustly enriched by services performed and actions undertaken by Plaintiffs.

89. The circumstances between Plaintiff and Defendants are such that equity and good conscience require Defendants to make restitution.

90. Plaintiffs are entitled to compensatory damages pursuant to New York Common Law.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

i. Declare Defendants' conduct to be a violation of Plaintiffs' rights under the FLSA and the New York Minimum Wage Act;

ii. Award Plaintiffs unpaid minimum wages and overtime compensation due under the FLSA and an additional equal amount as liquidated damages because of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216(b);

iii. Award Plaintiffs unpaid minimum wages and an additional amount equal to twenty-five percent of the unpaid minimum wages as liquidated damages, pursuant to New York Labor Law § 663(1);

iv. Award Plaintiffs unpaid overtime and spread-of-hours compensation, pursuant to the New York Minimum Wage Act regulations, and an additional equal to twenty-five percent of the unpaid overtime and spread-of-hours compensation as liquidated damages, pursuant to New York Labor Law § 663(1);

v. Award Plaintiffs an amount to be proven at trial for Defendants' unjust enrichment from Plaintiffs' labor and Defendants' failure to compensate Plaintiffs for the reasonable value of their services;

vi. Award Plaintiffs prejudgment and postjudgment interest; and

    vii.    Award Plaintiffs the costs of this action together with reasonable attorneys fees, pursuant to 29 U.S.C. § 216(b) and New York Labor Law § 663(1).

    viii.    Award Plaintiffs such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:    Brooklyn, New York
           June 13, 2008

           MAKE THE ROAD NEW YORK, INC.

By:    *Amy Carroll (on permission L, A.S.)*
       Amy Carroll (AC 5640)
       301 Grove Street
       Brooklyn, NY 11237
       718-418-7690 ext. 224

       MFY LEGAL SERVICES

By:    *[signature]*
       Anne Marie O'Donovan (AO 0225)
       MFY Legal Services, Inc.
       299 Broadway, 4th Floor
       New York, NY 10007
       212-417-3760

## AUTHORIZATION PURSUANT TO 29 U.S.C. § 216(b)

I, ANTONIO CORONA, hereby consent to be a plaintiff in a lawsuit pursuant to §216(b) of the Fair Labor Standards Act.

Date: June 12, 2008

*ANTONIO CORONA*
ANTONIO CORONA

Sworn to and subscribed before me this
12 of June 2008

*[signature]*
Notary Public

**AMY CARROLL
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02CA6130989
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JULY 25, 2009**

Case 1:08-cv-05399-LAK    Document 1    Filed 06/13/2008    Page 14 of 18

## AUTHORIZATION PURSUANT TO 29 U.S.C. § 216(b)

I, CECILIO MARTINEZ, hereby consent to be a plaintiff in a lawsuit pursuant to §216(b) of the Fair Labor Standards Act.

Date: June 12, 2008

_____
CECILIO MARTINEZ

Sworn to and subscribed before me this
12 of June 2008

_____
Notary Public

AMY CARROLL
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02CA6130989
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JULY 25, 2009

## AUTHORIZATION PURSUANT TO 29 U.S.C. § 216(b)

I, ALFREDO SANTOS, hereby consent to be a plaintiff in a lawsuit pursuant to §216(b) of the Fair Labor Standards Act.

Date: June 12, 2008

*Alfredo Santos*
ALFREDO SANTOS

Sworn to and subscribed before me this 12 of June 2008

*[signature]*
Notary Public

AMY CARROLL
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02CA6130989
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JULY 25, 2009

## AUTHORIZATION PURSUANT TO 29 U.S.C. § 216(b)

I, ADAN CORONA, hereby consent to be a plaintiff in a lawsuit pursuant to §216(b) of the Fair Labor Standards Act.

Date: June 10, 2008

_____
ADAN CORONA

Sworn to and subscribed before me this
10 of June 2008

_____
Notary Public

AMY CARROLL
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02CA6130989
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JULY 25, 2009

## AFFIRMATION OF TRANSLATION

LINDSEY SCHOENFELDER, an attorney duly admitted to practice law in the State of New York, hereby affirms under penalty of perjury, the following:

1. I am fluent in English and Spanish, both written and spoken.

2. On June 12, 2008, I translated aloud from English to Spanish the foregoing Authorizations pursuant to 29 U.S.C. § 206(b) to Plaintiffs ANTONIO CORONA, CECELIO MARTINEZ, and ALFREDO SANTOS, who are fluent in Spanish.

Dated: June 12, 2008
New York, New York

LINDSEY SCHOENFELDER, ESQ.