UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTONIO CORONA, ET AL.,

        Plaintiffs,

    -against-

ADRIATIC ITALIAN RESTAURANT &
PIZZERIA, ET AL.,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

08 Civ. 5399 (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    The plaintiffs in this action, brought pursuant to, inter alia, the Fair Labor Standards Act ("FLSA"), have made a motion in limine to preclude the admission of Exhibits A, B and C to the affidavit of direct testimony filed by defendant Kola Camaj ("Camaj"). The plaintiffs contend the exhibits are irrelevant to the defendants' claim that they provided the plaintiffs with the requisite notice, under FLSA, of their intent to credit, toward the plaintiffs' wages, tips paid to the plaintiffs by the defendant restaurant's customers. Moreover, the plaintiffs assert that, owing to the lack of any showing by the defendants of the frequency with which they posted notices of the federal and state wage laws on the premises of the defendant restaurant, the exhibits fail as proof of the defendant's purported habit of posting such notices. See Fed. R. Evid. 406.

    The parties made written submissions to the Court in connection with the instant motion. In addition, the Court entertained arguments in support of and in opposition to the motion, during a telephonic conference with the parties, on February 19, 2010. Having considered the parties'

written submissions and their respective arguments, the Court finds that the number of instances showing one's consistent response to a specific situation is critical to determining habit. Therefore, "before a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." Simplex Inc. v. Diversified Energy Systems, Inc., 847 F.2d 1290, 1293 (7th Cir. 1988) (citation omitted). Thus, a party seeking to establish a practice has become its habit must show its practice was employed on occasions numerous enough to allow an inference to be drawn that its practice is systematic conduct. See Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1158 (2d Cir. 1968).

The defendants have not met this burden through Camaj's affidavit and accompanying exhibits. Although Camaj asserts that each time the labor laws changed, he replaced the relevant wage-law poster in the defendant restaurant, it is not clear from his affidavit how frequently, since 1987, when the restaurant came into existence, the labor laws changed, necessitating that a replacement poster be installed. Furthermore, given the restaurant's age, one would expect proof, beyond Exhibit B,[1] to show the occasions on which wage-rate posters were purchased by the defendants, if, as Camaj alleges, it was his wont to acquire such posters whenever a change in minimum wage rates necessitated it. The lone purchase in 2005 reflected in Exhibit B does not support a finding that the defendants made the type of uniform response to a specific recurring event that is the essence of habit.

Camaj states, in his affidavit, that Exhibit A to that document "is a photograph of posters

---

[1] Exhibit B to the Camaj affidavit is a 2005 credit card invoice showing a "Labor Law Poster" purchase from a Michigan "specialty retail store."

that were on the wall of the Adriatic during the Plaintiffs' employment with Adriatic." However, the wage reflected in the poster depicted in Exhibit A became the minimum wage at a point after each of the plaintiffs had ceased working for the defendant restaurant. Therefore, it is unlikely that the subject poster was displayed, as Camaj contends, "during the plaintiffs' employment with Adriatic." Accordingly, the relevance of the poster, to this action, is suspect. See Fed. R. Evid. 401. Moreover, to the extent the defendants contend Exhibit C gave the plaintiffs notice of the tip credit allowed under FLSA, a simple review of the exhibit shows it did not.

In light of all the above, the plaintiffs' motion for an order barring Exhibits A, B and C to the Camaj affidavit from the trial record, Docket Entry No. 66, is granted.

Dated: New York, New York
February 22, 2010

SO ORDERED:

_/s/ Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE