UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTONIO CORONA, ET AL.,                                   :

                Plaintiffs,                  :          **MEMORANDUM and ORDER**

        -against-                        :          08 Civ. 5399 (KNF)

ADRIATIC ITALIAN RESTAURANT &                             :
PIZZERIA, ET AL.,

                                               :

                Defendants.
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

In this action brought, inter alia, pursuant to the Fair Labor Standards Act, the plaintiffs have made a motion in limine for an order precluding the admission into evidence, at the non-jury trial of this action, certain credit card receipts that comprise Exhibit D to the affidavit containing the direct trial testimony of defendant Kola Camaj. The defendants oppose the motion. They maintain that the credit card receipts: (1) will establish the tips the plaintiffs received from the defendant restaurant's customers; (2) will damage the plaintiffs' credibility respecting the compensation they received, while employed by the defendants; and (3) are business records, which may be received in evidence pursuant to Rule 803 of the Federal Rules of Evidence.

The Court has considered the parties' respective submissions in support of and in opposition to the plaintiffs' motion in limine. The Court finds that the subject credit card receipts, which reflect the amount some of the defendant restaurant's customers allocated for tips, do not indicate which of the defendants' employees was the intended recipient of the tip(s).

Therefore, their relevance to any particular plaintiff, and their utility as vehicles for attacking any plaintiff's credibility regarding the compensation he received, while employed by the defendants, is lacking. See Fed. R. Evid. 401.

Fed. R. Evid. 803 provides that a record of a regularly conducted activity is not excluded as evidence at a trial by the hearsay rule. See Fed. R. Evid. 803(6). However, before such a record may be received in evidence at a trial, a proper foundation for its admission must be established. See Phoenix Assocs. III v. Stone, 60 F.3d 95, 101 (2d Cir. 1995). The foundation is established through the testimony of the custodian of the record or another qualified witness, who must state that the document(s) is "kept in the course of a regularly conducted business activity, and [] it was the regular practice of that business activity to make the . . . record." Fed. R. Evid. 803(6); see also Phoenix Assocs. III, 60 F.3d at 101. Defendant Kola Camaj indicated, through his affidavit, that he delivers monthly all receipts maintained by defendant Adriatic Italian Restaurant & Pizzeria, Inc. to its accountant, Peter Dedaj ("Dedaj"). Accordingly, Dedaj appears to be the custodian of the credit card receipts at issue. However, the defendants have not proffered an affidavit by Dedaj, which establishes the requisite foundation for the Court to permit the credit card receipts to be received in evidence at the trial, pursuant to Fed. R. Evid. 803.[1] The defendants are mindful that they have failed to lay a proper foundation for receiving the credit card receipts in evidence and have asked that they be permitted an opportunity, at the trial, to cure the problem. The plaintiffs urge the Court to deny the defendants' request, as they failed to identify Dedaj as a potential trial witness in the parties' joint pretrial order. Moreover, the

---

[1]The Court notes that Kola Camaj's affidavit also fails to establish the requisite foundation, assuming he is a witness qualified to perform that task.

-2-

plaintiffs note, the defendants contend, in the memorandum of law they submitted in opposition

to the instant motion, they could establish a foundation through "their knowledge that Adriatic

retained the credit card receipts in Adriatic's basement." This contention contradicts the sworn

statement given by defendant Kola Camaj, that the credit card receipts are delivered, by him, to

Dedaj, on a monthly basis.

The defendants' request to cure the foundation deficiency by having the Court: (a) ignore

the deadline fixed previously for the parties to file affidavits containing the direct testimony of all

trial witnesses; and (b) permit defendant Kola Camaj to supplement his affidavit orally, at the

trial, is denied. "[I]f the concept of a filing deadline is to have any content, the deadline must be

enforced. Any less rigid standard would risk encouraging a lax attitude toward filing

[deadlines]." United States v. Locke, 471 U.S. 84, 101, 105 S. Ct. 1785, 1796 (1985) (internal

quotation marks and citation omitted). Moreover, to ensure the trial is fair, all parties must be

held to the same rules and deadlines.

Inasmuch as the Court finds that the defendants have failed to establish the foundation

required by Fed. R. Evid. 803(6), the credit card receipts will not be received in evidence at the

trial. Accordingly, the plaintiffs' motion *in limine*, Docket Entry No. 62, is granted. The

defendants are precluded from offering Exhibit D to the Affidavit of defendant Kola Camaj as

evidence at the trial of this action.

Dated: New York, New York  
      February 22, 2010

SO ORDERED:

Kevin Nathaniel Fox

KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE