UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTONIO CORONA, ET AL.,                    :

           Plaintiffs,                    :    **MEMORANDUM and ORDER**

    -against-                                       :    08 Civ. 5399 (KNF)

ADRIATIC ITALIAN RESTAURANT &              :
PIZZERIA, ET AL.,
                                                    :

           Defendants.
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      In this action brought pursuant to, inter alia, the Fair Labor Standards Act, the plaintiffs have made a motion in limine to preclude the defendants from eliciting testimony, during the nonjury trial of this action, concerning the plaintiffs' immigration status. According to the plaintiffs, their immigration status is irrelevant and permitting any inquiry into it will have a potentially chilling effect, in that it would cause other workers to refrain from pursuing wage and hour claims against employers because inquiry into an employee's immigration status is intimidating.

      The defendants oppose the plaintiffs' motion, arguing that evidence of the plaintiffs' immigration status is pertinent to the credibility of each plaintiff and, further, that Fed. R. Evid. 608 authorizes the defendants to elicit evidence, on cross-examination, concerning the plaintiffs' character for truthfulness.

      The Court has not been provided any information concerning the immigration status of the plaintiffs. This is not surprising, because the Fair Labor Standards Act applies to "any

individual" employed by an employer, as the term employer is defined by the Act. 29 U.S.C. § 203(e)(1). Thus, any individual, regardless of his or her immigration status, who is employed by an employer, may prosecute an action premised on the Fair Labor Standards Act. See Patel v. Quality Inn South, 846 F.2d 700, 702 (11th Cir. 1988).

Fed. R. Evid. 401 explains that relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The plaintiffs' immigration status will have no bearing on the matters of consequence to be determined during the trial of this action, to wit, whether the plaintiffs were compensated in accordance with applicable state and federal wage and hour statutes, for the work they performed. Therefore, the plaintiffs' immigration status is not relevant, as contemplated by Fed. R. Evid. 401.

The Court is mindful that Fed. R. Evid. 611(b) authorizes cross-examination on matters affecting the credibility of a witness. However, as noted above, no evidence is before the Court respecting the immigration status of the plaintiffs. Therefore, the impact of any cross-examination of the plaintiffs, on their immigration status, as it relates to their credibility is, at this juncture, speculative.

Furthermore, Fed. R. Evid. 608(b), on which the defendants rely in urging the Court to permit them to inquire into the plaintiffs' immigration status, on cross-examination, to attack their character for truthfulness, makes clear that the determination to permit such cross-examination rests in the discretion of the Court, if the cross-examination is probative of truthfulness or untruthfulness – a matter which has not been demonstrated in the case at bar. Having considered and balanced the legitimate needs of the defendants to challenge the

plaintiffs' credibility against the need for an efficient and economical trial, and recognizing that the defendants are free to employ all other means and methods typically available to litigants to attack the credibility of a witness, the Court concludes it is reasonable and appropriate to bar the defendants, at the trial, from inquiring into the immigration status of the plaintiffs. As a result, the plaintiffs' motion in limine, Docket Entry No. 64, is granted.

Dated: New York, New York
      February 22, 2010

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE